UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20714-CIV-MOORE/MCALILEY

EVA DE ABREU,

    Plaintiff,

v.

FRANCISCO J. FERNANDEZ, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION AND ORDER
ON MOTIONS FOR CONTEMPT**

The Court has entered a Default Final Judgment against Defendants Francisco J. Fernandez (Fernandez) and F & R Equipment & Wholesale LLC (F&R). [DE 29]. Plaintiff Eva De Abreu has been attempting to gather discovery from Defendants in furtherance of her efforts to collect on her Judgment. Defendants have not met their obligation to respond to that discovery, and those troubles give rise to Plaintiff's three contempt motions now before the Court: (1) Motion to Compel and for Order to Show Cause Why Defendants Should Not Be Held in Contempt, [DE 56], (2) Motion for Order of Contempt and for Imposition of Sanctions Against Defendants and Their Counsel [DE 64], and (3) Motion for Order of Contempt Against Rudd Law Group, P.A. [DE 74].

On October 18, 2016, I issued an Order scheduling a hearing on November 7, 2016, on the contempt motions. [DE 75]. The Order directed that both Defendants appear at the hearing, along with their counsel, the Rudd Law Group, P.A. Plaintiff served the Order on

1

Defendants and their counsel in various ways. [DE 76, DE 86, Tabs 17-20].[1] Notably, Defendant Fernandez is the registered agent and manager of Defendant F&R, [DE 86, Tab 7], and service on Fernandez is proper notice to Defendant F&R. I find that Plaintiffs gave proper notice to both Defendants of the contempt hearing.

On the Friday before that Monday hearing, Defendants' counsel of record, the Rudd Law Group, filed a motion to withdraw as counsel. [DE 83]. That Motion was accompanied by an undated one-sentence letter from Defendant Fernandez stating that he had discharged the law firm as counsel for both him and his company. [DE 82]. In an order issued that same day, I reserved ruling on the law firm's Motion and stated that this last-minute Motion would not justify a delay of the contempt hearing. [DE 83]. I stated that if Defendant Fernandez advised the Court at the Monday hearing that he wished to represent himself, or if he had substitute counsel ready to enter an appearance, I would permit the Rudd Law Group to withdraw at that time. [*Id.*].

Neither Defendant appeared at the hearing. Plaintiff's counsel did attend, as did George Rudd, Esq. of the Rudd Law Group. Tom Pila, Esq., also appeared as counsel for the Rudd Law Group. George Rudd advised the Court that Defendant Fernandez had ceased communicating with him, and that his law firm was therefore unable to represent Defendants at the hearing. At that point I permitted George Rudd and his law firm with withdraw as counsel for Defendants. [DE 89].

At the start of the hearing, Plaintiff withdrew her motion for contempt against the

---

[1] Plaintiff's exhibits 1-23 were admitted into evidence at the hearing without objection. The exhibit list is filed at DE 86.

Rudd Law Group. [DE 74]. Plaintiff also informed the Court that, moments before the hearing, Defendant F&R filed a Suggestion of Bankruptcy which trigged an automatic stay of the motions filed against it. As a result the Court could not proceed with the contempt hearing against Defendant F&R. I am however, able to make certain findings pertinent to the contempt motions against that company, which I state here. After the hearing, the corporate Defendant's bankruptcy proceeding was dismissed with prejudice as a bad faith filing. [DE 87].

In this Report and Recommendation I recommend that the Court grant the two motions for contempt against Defendant Francisco Fernandez and find him in contempt court. I also set forth a procedure for resolving the question of possible contempt of Defendant F&R.

**I.   Analysis**

"A civil contempt proceeding can be viewed as a three-step process that shifts the burden of production but always leaves the burden of persuasion with the moving party." *In re Bilzerian*, 276 B.R. 285, 299 (M.D. Fla. 2002). The party moving for an order finding contempt must demonstrate that: "(1) the allegedly violated order was valid and lawful; [and] (2) the order was clear, definite and unambiguous." *Jordan v. Wilson,* 851 F.2d 1290, 1292, n. 2 (11th Cir. 1988) (citation omitted). The movant also bears the initial burden of proving, by clear and convincing evidence, that the alleged contemnor has willfully disregarded the authority of the court by violating the outstanding court order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525,

1529 (11th Cir. 1992).

Once the movant satisfies that prima facie burden of showing that a violation has occurred, the burden of production shifts to the alleged contemnor to show either that he did not violate the court order, or that he is unable to comply with the order. *Id.* To accomplish the latter, the contemnor must produce evidence and "substantiate the inability categorically and in detail and show that he has made in good faith all reasonable efforts to comply" but is unable to do so. *Bilzerian*, 276 B.R. at 300 (internal quotation marks and citation omitted). If the alleged contemnor satisfies his burden of production, the burden shifts back to the movant to prove the contemnor's ability to comply. *Commodity Futures*, 950 F.2d at 1529.

Thus, while the burden of production shifts, the party seeking contempt bears the ultimate burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. *Commodity Futures,* 950 F.2d at 1529.

### (1) Contempt motion regarding Fact Information Sheets [DE 56]

On June 22, 2016, the Court ordered both Defendants to complete a Fact Information Sheet and provide them to Plaintiff's counsel no later than August 6, 2016. [DE 37]. That Order was served on Defendants' counsel of record. [*Id.*]. Defendants did not comply with the Order. On August 8, 2016, Plaintiff filed the Motion to Compel and for Order to Show Cause Why Defendants Should Not Be Held in Contempt, which is now before the Court, and served it on Defendants' counsel of record. [DE 56].

The Court Order that directed Defendants to complete Fact Information Sheets and

serve them on Plaintiff's counsel [DE 37], was valid, clear and unambiguous, and this finding is true for both Defendants. At the hearing, Plaintiff provided clear and convincing evidence that *both* Defendants received notice of that Order and that *neither* Defendant provided Plaintiff's counsel with a Fact Information Sheet. Plaintiff thus met her initial burden of proof and showed that both Defendants willfully disregarded the authority of the Court by failing to comply with the Court's Order. *See Commodity Futures*, 950 F.2d at 1529. Defendant Fernandez did not attend the hearing despite considerable notice of his obligation to do so, and thus forfeited his opportunity to present any evidence to show that he in fact complied with this Court's Order, or that it was not possible for him to do so. On this record, Plaintiff has satisfied her ultimate burden of persuasion and has established that Defendant Fernandez is in contempt of the Court's June 22, 2016 Order.

As for Defendant F&R, the question of contempt cannot yet be resolved. As noted, Plaintiff has presented evidence that, after notice of the valid, clear and unambiguous Order, the Defendant F&R failed to comply with that Order. Defendant F&R did not participate in the contempt hearing because it was protected by the automatic bankruptcy stay. Defendant F&R must be offered an opportunity to offer proof of compliance with the Court Order, or its inability to do so.

**(2) Motion for contempt regarding document requests and interrogatories [DE 64]**

On June 20, 2016, Plaintiff served document requests and interrogatories on each Defendant. Defendant did not provide Plaintiff with responses and on July 26, 2016, Plaintiff filed a motion to compel those responses. [DE 53]. The Court granted that motion

and on August 16, 2016, it ordered Defendants to provide Plaintiff with responses to the written discovery no later than August 30, 2016. [DE 61]. Plaintiff served the Order granting the motion to compel on Defendants and their counsel at several addresses through various methods, [DE 62, 63, DE 86, Tab 13], and I find that Defendants received proper notice of that Order. Neither Defendant, however, provided Plaintiff with a response to the discovery.

The Court's Order compelling Defendants to respond to the written discovery [DE 61], was valid, clear and unambiguous. Again, Plaintiff provided clear and convincing evidence that *both* Defendants received notice of the Court's Order and willfully disregarded the authority of the Court by failing to comply with it. *Commodity Futures*, 950 F.2d at 1529. Again, Defendant Fernandez did not attend the hearing and did not present evidence of his compliance, or his inability to comply with the Court's Order. On this record, Plaintiff has satisfied her ultimate burden of persuasion and has established that Defendant Fernandez is in contempt of the Court's August 16, 2016 Order.

As for Defendant F&R, again, the question of its contempt of that Order remains open. Plaintiff has shown that the August 16, 2016 Order is valid, clear and unambiguous, and that Defendant F&R provided Plaintiff no response to the written discovery addressed in that Order. Defendant F&R must be offered an opportunity to present evidence that it did, in fact, comply with the Order, or that it was unable to do so.

## II.   Recommendations regarding Defendant Fernandez

Based on the foregoing, I RESPECTFULLY RECOMMEND:

(1) that the Motion to Compel and for Order to Show Cause Why Defendants Should Not Be Held in Contempt, [DE 56], and Motion for Order of Contempt and for Imposition of Sanctions Against Defendants and Their Counsel [DE 64], **be GRANTED** as to Defendant Francisco J. Fernandez. I further recommend that the Court:

    a.    hold Mr. Fernandez in contempt,

    b.    order Mr. Fernandez to complete the Fact Information Sheet and respond to the written discovery within 10 days of the Court's order,

    c.    should he fail to do so, impose a fine on Mr. Fernandez for each day he fails to comply, and

    d.    warn Mr. Fernandez that continued failure to comply with the Court's Orders may result in imprisonment for civil contempt.

No later than fourteen days from the date of this Report and Recommendation Plaintiff and Defendant Fernandez may file any written objections to this Report and Recommendation with the Honorable K. Michael Moore, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

### III. Order and Report and Recommendation regarding Defendant F&R

I further ORDER that:

**No later than January 13, 2017**, Defendant F&R Equipment and Wholesale LLC

shall retain counsel and have counsel file a notice of appearance with this Court.[2] If it wishes to file any opposition to the contempt motions, it shall do so through its counsel by that date. By the same deadline Defendant F&R may also file any objections it may have to this Report and Recommendation. Should Defendant F&R fail to file an opposition to the contempt motions, I recommend that the Court find it in contempt of court, direct it to forthwith serve Plaintiff with the demanded discovery responses, and if it fails to do so, to impose a daily fine for each day that Defendant F&R fails to comply with the Court's order.

Plaintiff shall immediately serve this Report and Recommendation and Order on Defendants and file proof of service.

RESPECTFULLY RECOMMENDED and ORDERED in chambers in Miami, Florida this 14th day of December, 2016.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
Counsel of record

---

[2] In the Eleventh Circuit, "[t]he rule is well-established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). It is therefore not possible for F&R to proceed in this action unrepresented by counsel.